IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00140-RJC-DSC

| | |
|---|---|
| USA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| QUINTON OSHUMOND LITTLEJOHN | ) |
| | ) |

**THIS MATTER** is before the Court upon defendant's motion to suppress, (Doc. No. 28), and the government's response, (Doc. No. 33).

Under the Fourth Amendment, the defendant objects to the search of a Chevrolet Malibu pursuant to a search warrant which he alleges was obtained with deliberately or recklessly false statements by a detective.[1] (Doc. No. 16: Motion at 3-6). However, before a defendant may contest a search, he must establish a reasonable expectation of privacy in the place searched. Rakas v. Illinois, 439 U.S. 128, 143 (1978). "When a person voluntarily abandons his privacy interest in property, his subjective expectation of privacy becomes unreasonable, and he is precluded from seeking to suppress evidence seized from it." United States v. Stephens, 396 F.3d 538, 546 (4th Cir. 2005) (citing United States v. Leshunk, 65 F.3d 1105, 1111 (4th Cir. 1995)

---

[1] The defendant does not object to a warrantless search of his residence authorized by the conditions of his federal supervised release which yielded information used to obtain the search warrant. (Doc. No. 28: Motion at 3). Those conditions provide:
> The defendant shall submit his person, residence, office, vehicle and/or any computer system including computer data storage media, or any electronic device capable of storing, retrieving, and/or accessing data to which they have access or control, to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.

(Case No. 3:15-cr-41, Doc. No. 29: Judgment at 3).

and Abel v. United States, 362 U.S. 217, 241 (1960)).  Denial of ownership constitutes abandonment in the Fourth Circuit.  United States v. Han, 74 F.3d 537, 543 (4th Cir. 1996) (citing Leshunk).  Additionally, a person's verbal denial to police of an interest in an item apparently in his possession defeats a later claim of standing to contest a search of that item.  United States v. Flowers, 912 F.2d 707, 712 (4th Cir. 1990) (bag in overhead bin above defendant's seat); United States v. Williams, 538 F.2d 549, 550-51 (4th Cir. 1976) (brief case in defendant's motel room).

Here, the defendant repeatedly denies ownership of, authority over, and access to the Malibu:

> The truth is that the suspects (the defendant and his brother) did not have access to any of the four vehicles located at the defendant's mother's residence. The defendant does not own the residence or any of the vehicles. The defendant did not have keys to any of the vehicles. The defendant did not have the authority to enter any of the vehicles; and Detective Cicio was well aware of these facts. . . Officers had been informed that the defendant did not have access to the bright blue Impala [sic] with no tint on the windows, as the vehicle belonged to defendant's mom's niece, who had the key and was out of town in Atlanta, at the time. . . Littlejohn did not have access to any of the vehicles.

(Doc. No. 28: Motion at 3-4).[2]  Conversely, he alleges no facts that would establish a legitimate expectation of privacy in the searched Malibu; therefore, he is not entitled to a hearing on his Fourth Amendment claim.  United States v. Espinoza-Seanez, 862 F.2d 526, 536 (5th Cir. 1989) (to warrant a hearing, defendant must allege facts that, if true, would entitle him to relief) (cited in United States v. Smith, 927 F.2d 598, 1991 WL 29043, at *3 (4th Cir. 1991) (unpublished decision)).

---

[2]  The defendant refers to the vehicle at issue interchangeably as an Impala, (Doc. No. 28: Motion at 4), and a Malibu, (Id. at 5).  The Court takes judicial notice that the two models have similar body styles.  See e.g. https://cars.usnews.com/cars-trucks/chevrolet-impala-vs-chevrolet-malibu.

2

The defendant also seeks dismissal of the indictment and suppression of all evidence based on a claim that his rights were violated by the failure to disclose allegedly exculpatory information regarding the detective's collection of a firearm from the Malibu, which he argues was accidentally and intentionally contaminated.³ However, "no due process violation occurs as long as the Brady material is disclosed to a defendant in time for its effective use at trial." United States v. Walker, 105 F.3d 650, slip op. at *3 (4th Cir. Jan. 8, 1997) (unpublished) (citing United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 532 (4th Cir. 1985)). The defendant formulated his attack on the collection procedure well in advance of trial from the disclosure of the detective's body-worn camera recording and police reports. (Doc. No. 28: Motion at 6-9). Accordingly, the Court finds no remedy is necessary because the defendant may challenge the detective's credibility and the weight of the evidence at trial.

**IT IS, THEREFORE, ORDERED** that the defendant's motion to suppress, (Doc. No. 28), is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: December 20, 2018

Robert J. Conrad, Jr.
United States District Judge

---

³ Subsequent testing identified the defendant as a source of DNA on the firearm. (Doc. No. 28: Motion at 14; Doc. No. 33: Response at 4).