IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00140-RJC-DSC

| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUINTON OSHUMOND LITTLEJOHN | ) | |
| | ) | |

**THIS MATTER** is before the Court upon the defendant's Supplemental (US v. Rehaif) Objections to the Presentence Investigation Report, (Doc. No. 69), and the government's response, (Doc. No. 72).

I. BACKGROUND

The defendant proceeded to jury trial on February 4-6, 2019, on charges of possessing a firearm after being convicted of a crime punishable by more than one years of imprisonment (Count One), possessing 28 grams or more of a mixture and substance containing a detectable amount of cocaine base with intent to distribute (Count Two), and possessing a firearm in furtherance of a drug trafficking offense (Count Three). (Doc. No. 1: Indictment). The defendant did not request a jury instruction on his knowledge of the status that prohibited him from possessing a firearm as an element of the 18 U.S.C. § 922(g)(1) charge. The jury found the defendant guilty of each count. (Doc. No. 53: Verdict).

II.  DISCUSSION

A.  Timeliness

The instant motion challenging Count One is couched as a supplemental objection to the Presentence Report (PSR), but the defendant recognizes it "functions in effect as a [Federal Rule of Criminal Procedure] Rule 29 Motion for Judgment of Acquittal and Rule 33 Motion for New Trial." (Doc. No. 69 at 1).  The government rightly notes that the motion, filed on November 4, 2019, just before sentencing, missed the 14-day post-verdict deadline in Rules 29(c)(1) and 33(b)(2) by months. (Doc. No. 72: Response at 1).

The Supreme Court decided the case on which the defendant relies on June 21, 2019. Rehaif v. United States, 139 S. Ct. 2191 (2019).  In the trial of that case, the judge instructed the jury, over Rehaif's objection, that the government was not required to prove the defendant's knowledge of the status that prohibited him from possessing a firearm under § 922(g).[1] Id. at 2195.  The Supreme Court concluded that the government is required to prove the defendant's knowledge of his status and remanded the case for consideration of whether the instructional error was harmless. Id. at 2200.  Because that decision came after the defendant's trial and prior to sentencing, the Court finds good cause to extend the Rule 29 and 33 deadlines pursuant Rule 45(b)(1) to consider the merits of the defendant's claim.

---

[1] The law in this Circuit would have required a similar instruction. See Rehaif, 139 S. Ct. at 2199 (citing United States v. Williams, 558 F.2d 92 (4th Cir. 1978), for the proposition that knowledge of status was previously not required)).

2

B.  Harmless Error

When a jury instruction is not required under precedent that is later superseded by the Supreme Court, the omission is harmless if a court concludes "beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence." United States v. White, 810 F.3d 212, 221 (4th Cir. 2016) (quoting Neder v. United States, 527 U.S. 1, 17 (1999)).  In the circumstances of this case, the Court easily finds beyond a reasonable doubt that the omitted element, that is, the defendant's knowledge that he had been convicted of a crime punishable by more than one year's imprisonment, was uncontested and supported by overwhelming evidence.

On September 18, 2106, this Court sentenced the defendant to thirty-seven months' imprisonment for possessing a firearm after being convicted of a crime punishable by more than one year of imprisonment. (Case No. 3:15-cr-41, Doc. No. 29: Judgment at 1-2).  The defendant was released from custody and began a two-year term of supervised release on April 26, 2017. (Id., Doc. No. 36: Petition at 1).  Within five months, United States Probation Officers and local police conducted searches at his residence, discovering the gun, drugs, and other items introduced in the trial of this case. (Id. at 2).

The defendant did not contest the omitted element during the trial.  In fact, he stipulated to the fact of a prior felony conviction, (Gov't Ex. 37, 37a), and it would have been an elementary exercise to prove his knowledge of that status for which he

was presently under supervision.[2]  Accordingly, the instructional error was harmless.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Supplemental (US v. Rehaif) Objections to the Presentence Investigation Report, (Doc. No. 69), are **DENIED**.

Signed: November 15, 2019

Robert J. Conrad, Jr.
United States District Judge

---

[2]  The government might also have sought to prove his knowledge of his prior felony conviction for conspiring to sell cocaine, for which he served a 13-16 month sentence for violating his probation in 2011. (Doc. No. 63: Presentence Report ¶ 61).

4